CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 0 3 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JUNE B. HENSON, | ) | CASE NO. 3:05CV0042 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JO ANNE B. BARNHART | ) | By:  B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's

June 19, 2000 claim for a period of disability and disability insurance benefits under the Social

Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of

28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth findings,

conclusions and recommendations for the disposition of the case.  The questions presented are

whether the Commissioner's final decision is supported by substantial evidence, or whether there

is good cause to remand the case for further proceedings.  42 U.S.C. § 405(g).  For the reasons

that follow, the undersigned will recommend that an order enter REVERSING the final agency

decision but REMANDING the case to the Commissioner for further proceedings.

In a decision dated January 15, 2002,  an Administrative Law Judge ("Law

Judge")  found that plaintiff met the special earnings requirements of the Act on November 6,

1993, the alleged period of disability onset, and continued to meet them through June 30, 1998.

(R. 37, 41.)  He also found that plaintiff, who was 55 years old at the time of the first hearing,

with a high school education and training as a nurse with past work as a Registered Nurse, had

not engaged in substantial gainful activity since the alleged date of disability onset, and that she

suffered "an impairment or combination of impairments considered 'severe'" under the regulations. (R. 38, 41.) However, the Law Judge did not fully credit plaintiff's allegations concerning the disabling effects of her impairments and concluded that she retained the capacity to perform light work which encompassed her past relevant work. (R. 41.) Accordingly, the Law Judge denied plaintiff's claim at that level of the sequential evaluation. (R. 42.)

Plaintiff appealed the decision to the Appeals Council who, on May 21, 2003, vacated the decision and remanded the case to the Law Judge for further proceedings to resolve issues articulated by the Council in an accompanying order. (R. 83-85.) Specifically the Law Judge was directed to make a "function-by-function assessment of the claimant's ability to do work-related physical and mental activities" or to support his assessments of plaintiff's limitations. (R. 84.) Moreover, the Council acknowledged the Law Judge's finding that plaintiff suffered "severe mental impairments" and "severe depressive and anxiety-related disorders" as of June 30, 1998, the date she was last insured, but it directed him to make findings concerning whether she suffered any physical impairments and whether she suffered any "non-exertional mental limitations relating to these impairments." (*Id.*)

After conducting a supplemental hearing, the Law Judge issued a second decision dated November 28, 2003, again denying benefits. (R. 19-28.) There is little question that he re-adjudicated the entire claim, this time finding that plaintiff did not suffer any severe impairment, thus not disabled at the third level of the sequential evaluation. 20 C.F.R. § 404.1520. (R. 26, 27.) Laconically finding no reason to review the Law Judge's decision, the Appeals Council denied review and adopted it as a final decision of the Commissioner. (R. 9-11.) This action ensued.

The undersigned wishes to begin an analysis here with the recognition that if the plaintiff, who was 57 by the time the second set of proceedings were conducted and between 50 and 54 years old when the case first was decided, indisputably was approaching advanced age at the time her insured status expired. She would have been considered disabled under the Medical-Vocational Guidelines ("grids") had the Law Judge and Commissioner found her unable to perform her past relevant light work. 20 C.F.R. § 404.1569, Appendix 2, § 201.14. When the case was appealed to the Appeals Council the first time, no question was raised concerning whether plaintiff suffered severe mental and emotional disorders, and though the Council did "vacate" the Law Judge's decision, the body of its decision does not suggest on its face that the Law Judge's finding that she suffered severe mental impairments in any way was not supported by the evidence in the case. Instead, the Council's only expressed concerns related to the nature and extent of any limitations presented by plaintiff's mental impairments and whether she suffered any physical impairment producing work-related limitations. Indeed, the Council noted that plaintiff suffered "severe depressive and anxiety-related disorders," and there is nothing the undersigned can find in the record which would have permitted the Law Judge to decide anew, *sua sponte*, that her mental impairments were not severe, in the sense of having a minimal effect on the plaintiff's ability to work. Yet, the Law judge did just that, and by doing so, essentially avoided making the very determinations addressed by the Council in its remand order.

The Commissioner takes the position, in her brief in support of summary judgment that the substantial evidence supports the Law Judge's "no severe impairment" finding, and that the Commissioner's decision should be affirmed. Specifically, the Commissioner offers that the evidence from plaintiff's treating physician to the effect that her medical condition

3

improved with medication, the evidence from the DDS record consultants and the plaintiff's own evidence concerning her travel and home-related activities during the relevant period provide an evidentiary basis upon which the Law Judge could have declined to fully credit plaintiff's subjective symptoms and to find that her impairments were not severe under the Act.

As the undersigned sees it, the plaintiff's case rises or falls on whether the Law Judge properly weighed the medical and lay evidence. The balance of the Law Judge's findings concerning plaintiff's subjective symptoms and limitations, as well as her ability to perform any work, much less light work, depend, in large measure, on the weight to be given that medical evidence. In that connection, plaintiff rightly relies on the Commissioner's own regulations which require the Law Judge to give controlling weight to treating and other consistent, acceptable medical source evidence because this type of evidence provides what is considered to be a longitudinal perspective of a claimant's impairments and their effects. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Social Security Rulings (SSR) 96-2p and 95-5p. These regulations further require a Law Judge to explain the basis for the weight given to non-treating sources in the event the treating source evidence is not given controlling weight. 20 C.F.R. §§ 404.1527(d)(2)(ii) and 416.927(d)(2)(ii).

There is no question in the undersigned's mind that the Law Judge's "no severe impairment" finding rested in large part, if not entirely, on the opinion on the State agency review physician in a Psychiatric Review Technique which reports findings that plaintiff's impairments have only slight or minimal effects on her work-related capacity but offers no basis for those findings. (R. 24-24, 271-279.) Every treating or examining physician acknowledges that plaintiff suffers diagnosable mental impairments for which even the Law Judge acknowledged

4

she was prescribed medication. There was little evidence introduced in the intervening period between the Council's remand and the second decision by the Law Judge supportive of any change in plaintiff's impairments from severe to non-severe, except for the Law Judge's perception that this is exactly the route the Council inferred it wished him to take.

The undersigned is of the view that the Commissioner's final decision adopting a finding that plaintiff did not suffer a severe mental impairment during the period relevant to the plaintiff's application for benefits is not supported by substantial evidence.[1] Whether her diagnosable mental impairment prevented her from performing her past relevant work altogether, or for a closed period, has not been properly adjudicated in that the Law Judge's inquiry ceased at the severe impairment level of the sequential evaluation.

Accordingly, it is RECOMMENDED that an order enter REVERSING the final agency decision but REMANDING the case to the Commissioner for further proceedings at the final two levels of the sequential evaluation. The order should direct that should the Commissioner be unable to grant benefits, in whole or in part, on the extant record, she is to recommit the case for further proceedings before a Law Judge in which both sides would be entitled to introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not

---

[1]The Law Judge adjudicated whether plaintiff suffered any severe physical impairment, and that part of his decision is supported by the records of plaintiff's treating sources as well as by the non-treating medical evidence. (See R. 26-27.)

Case 3:05-cv-00042-NKM-BWC   Document 13   Filed 04/03/06   Page 5 of 6   Pageid#: 56

specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____

U. S. Magistrate Judge

4|3|06

Date

6